GUST ECKSTRAND, Respondent, v. GUST JOHNSON, Appellant.

(167 N. W. 521.)

**New trial — motion for — order denying — appeal — motion to dismiss — for want of prosecution — excusable delay — appeal perfected during pendency of motion — motion denied.**

Where an appeal has been taken from an order denying a motion for a new trial, and motion is made to dismiss such appeal for want of prosecution and delay in presenting a settling of the statement of the case, and in sending up the judgment roll and delay in serving the brief, and it appears that the appellant relies principally upon the newly discovered evidence supported by affidavit as ground for a new trial, and it appearing the complete record on appeal was perfected and filed during the pendency of the motion to dismiss, —.

*Held*, under these circumstances, the motion to dismiss the appeal in this case should be denied.

Opinion filed May 2, 1918.

Motion to dismiss appeal.

Motion denied.

*Lee Combs* and *L. S. B. Ritchie,* for respondent.

*Cowan & Adamson* and *H. S. Blood,* for appellant.

GRACE, J.   This is a motion to dismiss defendant's appeal from an order denying a motion for a new trial and from the judgment, and for an order affirming the order denying defendant's motion for a new trial and affirming the judgment, for the reason that appellant has failed and neglected to perfect and prosecute such appeals in the manner and within the time allowed by law.   Judgment was entered in the case on the 11th day of December, 1916, in favor of the plaintiff. Defendant thereafter applied to the court for a stay of execution for the purpose of procuring a transcript of the testimony in such action, settling a statement of the case and moving for a new trial.   A stay of about three months was granted; namely, to the 24th day of March, 1917.

On May 2, 1917, the appellant moved for a new trial, principally upon the ground of newly discovered evidence.   On the 31st day of May, thereafter, the trial court entered its order denying appellant's motion for a new trial.   On the 25th day of June, thereafter, appellant appealed from the order of the court denying a new trial.   The appellant, in his affidavit opposing the respondent's motion to dismiss the appeal, relies almost exclusively upon his affidavits, wherein it is shown that he relies upon newly discovered evidence as the basis of his right to a new trial.   The affidavit of Gust Johnson, Anton Ross, and Andrew Osterland are relied upon in this regard.

Subsequent to the service of the motion to dismiss the appeal, the record on appeal has been perfected and filed so that the appeal may now be determined on its merits.   The motion to dismiss the appeal in this case is denied.

CHRISTIANSON, J.   (concurring specially).   It appears from affidavits filed, and it is a matter of common knowledge, that Judge Cowan, the senior member of the firm representing plaintiff, died during the pendency of this appeal.   It is further stated in affidavits submitted by appellant that Judge Cowan was primarily in charge of the appeal. The record on appeal had been transmitted and appellant's brief served

and filed before the motion to dismiss was argued.  Under all the
circumstances I am satisfied that the delay in the transmission of the
record and the service and filing of appellant's brief is not so great
as to justify the court in dismissing the appeal.