## INHERITANCE TAX ON PROPERTY FOUND IN OHIO BELONGING TO A NON-RESIDENT DECEDENT.

### Probate Court of Hamilton County.

IN THE MATTER OF THE INHERITANCE TAX ON THE SUCCESSION TO PROPERTY IN THE STATE OF OHIO BELONGING TO THE ESTATE OF J. C. ELLERHORST, LATE OF BELLEVUE, KY.

Decided, August 2, 1920.

*Taxation—Protection Accorded to the Personal Property of a Non-Resident Decedent—Renders it Subject to the Ohio Inheritance Tax— Some of the Items of Personalty Liable to Said Tax.*

The decedent was a citizen and resident of the state of Kentucky, doing business in Cincinnati, Ohio. In fixing the inheritance tax on the succession to property of said decedent found in Ohio—

*Held*:    That all real estate belonging to the decedent located in Ohio, together with the business carried on by him, including the machinery and equipment, book accounts and bank account incident thereto; the private account of the decedent in a savings bank; and the Liberty bonds and stocks of Ohio corporations and corporations under the laws of states other than Ohio, found in his safety deposit box in Cincinnati, are all taxable under the inheritance laws of Ohio.

*B. W. Gearheart,* special counsel for the Attorney General's office.

*S. G. Roettinger,* for Prosecuting Attorney's office.
*Bettinger, Schmitt & Kreis* for the Ellerhorst estate.

LUEDERS, J.

This matter comes into this court upon the petition of the executrices of J. C. Ellerhorst, deceased, praying that for the determination of the inheritance tax due to the state of Ohio, the court adjudge that the intangible property mentioned in the petition and left by the deceased, to-wit, certain shares of stock, bonds, accounts receivable, and money on deposit within the state of Ohio, is not subject to the inheritance tax, and

praying that an order be made releasing the same to the petitioners, and for all other relief to which they may be entitled.

The facts presented to the court briefly are as follows:

J. C. Ellerhorst died on or about the 29th day of February, 1920, and at the time of his death was a *bona fide* resident of the city of Bellevue, Campbell county, Ky. No question has ever been raised as to whether or not he was a resident of another state than Ohio and this may be stated as a fact. It appears further that prior to his death the deceased was engaged in business in Cincinnati, Hamilton county, Ohio, and in connection with said business owned certain real estate; likewise he was the owner of the business himself, and owned certain machinery which was incident to said business. There is no question now before the court as to the taxability for the purpose of determining the inheritance tax of the items above referred to. All counsel in the case agree that the real estate in this state, the business and the machinery is all subject to the inheritance tax of Ohio, and this question is not now under consideration by this court.

However, the deceased also had prior to his death a safety deposit box in the Central Trust Company in the city of Cincinnati. After his death, when this box was opened by the proper county representatives, there was found certain shares of stock in Ohio corporations. All counsel in the estate, including the attorney general, prosecuting attorney and the counsel for the executrices agree that such stock is subject to the inheritance tax in Ohio, and the court does find accordingly. Further the deceased had a deposit in the Security Savings Bank & Trust Company of Cincinnati, Ohio, in the sum of $2,731.00, which was an individual account and in no way connected with his business. As to the proper taxability of this item, the attorneys for the state and county do not agree with counsel for the estate and this is one of the matters now for consideration before this court.

Furthermore, in the safe deposit box referred to the deceased had $6,500 in Liberty bonds, and counsel for the estate contend that this item is not taxable, while counsel for the state and

county contend that it is, and this also is before the court for consideration.

In addition to the items mentioned the deceased had in the same deposit box a number of shares of stock in foreign corporations, some in the state of Michigan, some in Colorado, some in Arizona, and various states other than Ohio. It is the contention of the attorney for the deceased that inasmuch as he was a *bona fide* resident of the state of Kentucky at the time of his death, the *locus* of all the intangible property, that is to say specifically, all of the foreign stock the Liberty bonds, and the cash follow the domicile of the owner and that they are in fact located in Kentucky and consequently not subject to the inheritance tax laws of the state of Ohio, while counsel for the state and county contend that inasmuch as the items referred to, towit, the stocks, Liberty bonds, cash, etc., were actually found within the state of Ohio, after the death of the decedent, they should come under the inheritance tax laws of the state.

A further item is to the effect that deceased owned at the time of his death certain real estate situate in the city of Bellevue, Ky., but all counsel agree, and in this opinion the court agrees, that said real estate in Kentucky is not subject to any inheritance tax laws of the state of Ohio.

Arriving at its decision herein the court has carefully considered the inheritance tax laws of the states of Massachusetts, New York and Illinois particularly, as well as certain other states in the Union. The General Code of Ohio, Section 5332-2, the same being a part of the inheritance tax laws of this state, provides for a tax to be levied upon any property passing, in trust or otherwise, to or for the use of any person.

"* * * When the succession is by will or by the intestate laws of this state or another state or country to property *within this state* from a person who was not a resident of this state at the time of his death." (The italicising is by the court.)

Another paragraph of Section 5331-3 of the General Code reads as follows:

''When predicated of tangible property being physically located within this state. When predicated of intangible property and the succession thereto is for any purpose subject to or governed by the law of this state.''

The court has considered the case which was decided in this court, namely in the matter of the *Estate of Elizabeth L. Speers,* 4 N. P., 238, in which Judge Ferris, in construing the collateral inheritance tax law, reading as follows:

''That all property within the jurisdiction of this state and any interest therein, whether belonging to inhabitants of this state or not, and whether tangible, which shall pass by will or by the intestate laws of this state * * * shall be liable to a tax * * *,''

held that although Mrs. Speers died a resident of the state of Kentucky, the fact that she owned about $80,000.00 in bonds and other securities, and that these bonds and securities were found in a bank in Ohio, rendered them taxable under the inheritance laws of the state of Ohio.

In the case of *Hoit* v. *Keegan,* 167 N. W. 521, the Supreme Court of the state of Iowa, held that although the deceased was a non-resident of the state, nevertheless inasmuch as he had a bank deposit within the state of Iowa, represented by the customary bank book, and that said book was in the possession of the deceased at the time of the death, the deposit was subject to the collateral inheritance laws of the state of Iowa.

The Federal court in the case of *Blackstone* v. *Miller,* 188 U. S. 189, found that the deceased was a resident of the state of Illinois but had on deposit in a bank in the state of New York a very large sum of money, and that although the whole succession had been taxed in Illinois, the state of the deceased's residence, nevertheless the right of the New York taxing authorities to levy such a tax was valid. Another New York case was that of *In Re Burr,* 16 N. Y. Misc. 89, in which the court held that [money] of a non-resident decedent in a bank within the state of New York were taxable in the following language:

''The principal upon which such property is taxable is that it is under the protection of our laws and should on that account

pay a share of the expense of the government. The money in the savings bank was there drawing interest and protected by the laws of the state; among others that creating a banking department which department is carried on at great expense to the state and was enacted for the particular protection of depositors.''

A leading and important case and one in which the law is laid down with great clearness is that of *State* v. *Probate Court,* 150 N. W., 1094, in which the Supreme Court of Minnesota found that although the deceased was clearly a resident of Pennsylvania at the time of his death and left a will disposing of various property within the state of Minnesota, to-wit, real estate, shares of stock in corporations, and notes and book accounts, and the contention was made that the property had its *situs* in the state of Pennsylvania, which was the domicile of the deceased, and not in Minnesota, nevertheless it was subject to the inheritance tax of Minnesota. A part of the language of the court is as follows:

''It is usually true that the right to succeed to the ownership of the personal property of the decedent is governed by the law of the domicile of the decedent, and is subject to taxation at the place of such domicile. Yet if the one who succeeds to such ownership must invoke the law of another state before he can reduce such property to possession to secure the beneficial enjoyment thereof, it is generally, though not universally held that such other state also has power to exact a tax upon the privilege of taking over and securing the beneficial enjoyment of such property.

''It is said that bonds and commercial paper are nothing more than mere evidence of indebtedness and it has been held that they may be subjected to a succession tax by the state within whose jurisdiction they are found although neither the debtor nor the creditor are residents of such state. * * *

''The relator must invoke the law of Minnesota to obtain the possession and beneficial enjoyment of the property in question. This is true as to all the sorts of property here involved and we are of the opinion that the state has power to tax the right to succeed to the ownership thereof.''

Clearly this case has many points of analogy to the case at bar. The executrices are required to come into this state and

invoke Ohio Laws to obtain the possession and beneficial enjoyment of the property in question.

We find another New York case, being that of *In Re Estate of Romaine,* 127 N. Y., 80, in which the deceased was a resident of Virginia at the time of his death and further held a safety deposit box in a bank within the state of New York in which he kept various securities and evidences of indebtedness. A part of the language of the court is as follows:

"Where however, the money of a non-resident is invested in this state, as was done by Romaine with the bonds and mortgages in question, and in the deposit made by him in the savings bank or where the property of a non-resident is habitually kept even for safety in the state we think the taxes apply both in the letter and the spirit. Such property is within this state in every reasonable sense, receives the protection of its laws and has every advantage from government for the support of which taxes are made, that it would have if it belonged to a resident. We think that a fair construction of the act permits no distinction as to such property based solely upon the residence of such deceased owner."

In *State* v. *Bunte,* 1733 S. W., 101, the doctrine is laid down by the St. Louis Court of Appeals, that a debt which is due a non-resident from a resident of Missouri, and shown by a promissory note is property within the state and as such it is taxable.

Before passing to another phase of this matter we wish to call attention to the fact that the word "succession" is the word that is used repeatedly throughout the statutes, and not the word "descent" or "devolution." As to the question of foreign bonds, stock, etc., being property within the meaning of the Ohio statutes, we have to say that Section 5348-4 of the General Code of Ohio designates shares of stock in a corporation organized or existing under the laws of this state, and then goes on to refer to bonds, notes or other securities or assets. We find no limitation by reference or otherwise as to their character. The word "securities" is one of very broad and general meaning and certainly will be conceded to include all stocks and bonds of whatsoever character they may be. We

find a part of the opinion of the court in the case of *Sayer* v. *Waghen,* 44 S. W., 909, reading as follows:

"The term 'securities' in its broadest sense embraces bonds, certificates of stock, and other evidence of debt or of property. The Encyclopoedic dictionary defines 'securities' to be an evidence of debt or property as a bond, certificate of stock or the like."

We are of the opinion that clearly the term "securities" as used in the section of the General Code was intended and in fact does include stocks in a foreign corporation as well as any other kind of securities. It cannot be successfully contended that it does not include bonds or notes, because those terms are expressly used. Neither can it mean tangible property for it appears under a provision relating to intangible property. Nor can it mean shares of stock in a domestic corporation because those are referred to in another place in the statutes. The famous case of *Lee, Treasurer* v. *Struckis,* found in the 46 Ohio State, 143, holds that a resident of the state of Ohio, must list for taxation shares of stock in a foreign corporation even though he pays taxes on its capital in the state where the corporation is located. And on page 161 of the opinion we find the language of the court reading as follows:

"Whether shares of stockholders and the capital of the company constitute the same or different species of property has been the subject of much discussion in a great number of cases, but the weight of authority we believe to be in favor of the proposition that shares of stock constitute property distinct from the capital or property of the company. The interest of the stockholder entitled him to participate in the net profits in proportion to the number of his shares; to have a voice in the selection of officers to manage the business of the company in like proportion and upon its dissolution the right to his proportion of the property of the corporation that may remain after payment of its debts. This is a distinct independent interest or property, held by the stockholder like any other property that may belong to him; is under his full control, so that he may sell or hypothecate it."

See also *Hubbard* v. *Brush,* 61 O. S., 252, and *Jones, Auditor* v. *Davis,* 35 O. S., 474.

After carefully considering all the authorities above referred to the court is of the opinion—

First, that all real estate in the state of Ohio is subject to the inheritance tax laws of Ohio; likewise, the business and machinery situate in this state; likewise the bank account found in this state in the name of the business owned by Ellerhorst; and all property of any kind whatsoever which was incident to said business. Further, the court does find that all Ohio securities found in the safe deposit box are taxable under the inheritance tax laws of this state, and likewise, the stock in the foreign corporation as set forth more fully in the schedule, and further, the Liberty bonds and all other securities which were found in the said safe deposit box in a bank in Cincinnati, Ohio.

The court does further find that the deposit of money which the deceased had in the Security Savings Bank & Trust Co, in the sum of $2,731 was actually within this state and consequently taxable under the inheritance tax laws of Ohio.

For the sake of clearness the court repeats that with the sole exception of the real estate located in the city of Bellevue, Ky., all matters and things set forth in the petition of the executrices and further set forth in the schedules in this court are subject to the inheritance tax laws of the state of Ohio. An entry may be taken in accordance with this opinion.